UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                           CASE NO. 8:24-cr-330-VMC-CPT

JORDAN GUY MACDONALD GOUDREAU

**UNITED STATES' RESPONSE IN OPPOSITION TO
MOTION TO MODIFY BOND CONDITIONS**

The defendant, Jordan Goudreau, has not identified an appropriate basis for modifying his conditions of release. In fact, the defendant's motion, and the flurry of filings by him and his surety, Jennifer Gatien, that have followed underscore the need for the Court to reopen the detention hearing and revoke the defendant's bond. The motion should be denied.

**I.     Background**

On July 16, 2024, the defendant was charged by Indictment with a variety of firearms trafficking and smuggling crimes relating to a failed invasion of Venezuela, including: conspiracy to violate and violations of the Export Control Reform Act, in violation of 50 U.S.C. § 4819; violations of the Arms Export Control Act, 22 U.S.C. § 2778; smuggling, in violation of 18 U.S.C. § 554; and possession of machine guns, in violation of 18 U.S.C. § 922(o).

The defendant was arrested in the Southern District of New York and, after a detention hearing, was ordered to be released on bond. The United States appealed that ruling and, after a hearing, the Court denied the United States' appeal and

ordered that the defendant be released on a $2,000,000 bond to be secured by the residential property owned by his close friend, Jennifer Gatien (Doc. 59). The Court specifically cited the following as important factors supporting the defendant's release on bond:

> At the hearing, the Court [was] extensively assured both that a third-party custodian was willing and able to be responsible for Mr. Goudreau's appearance and that Ms. Gatien was willing and able to pledge her $2 million apartment to secure the bond. . . . The Court also asked questions of Ms. Gatien, who was present at the hearing. She stated that her apartment is worth over $2 million, which she could substantiate with documentation, and that she owned the property outright. *She stated that she views Mr. Goudreau to be a close friend and that she has complete confidence that he will abide by the conditions of his release. The Court was convinced that Ms. Gatien's property would effectively secure the $2 million bond and that her relationship with Mr. Goudreau would help assure Mr. Goudreau's compliance with the conditions of his release.*

Doc. 59 at 12-13 (emphasis added).

On April 17, 2025, the Court held a Show Cause hearing based on the defendant's violation of his terms of release. Specifically, the defendant had left his residence in the middle of the night without the permission of his supervising officer. The defendant admitted the violation, and the Court reinstated him on bond with the same conditions.

In May 2025, the defendant's bond was modified temporarily so that he could begin treatment at the Veterans Administration in Tampa. Doc. 165. The United States did not object to the proposed modification provided that the Court reimpose the original conditions of release upon completion of the defendant's treatment. The

Court's order specifically noted, "All other release conditions previously imposed on Defendant shall remain in full force and effect during this time frame. Upon Defendant's completion of the program, Defendant's release conditions shall revert to those originally imposed on him." *Id.*

On September 19, 2025, the defendant filed the instant Motion to Modify Conditions of Release. The defendant requested that "Mr. Goudreau's bond be modified so that Ms. Gatien can be removed as a personal surety." Doc. 180 at . The Motion focuses on Mr. Goudreau's change in living circumstances and the purported strength of his public authority defense.

Approximately 10 days later, on September 30, 2025, Ms. Gatien filed a Motion to Release herself as the surety, painting a vastly different and alarming story of the defendant's status on bond. Ms. Gatien argued that the Motion to Release was time-sensitive because "of the significant financial interests at stake and out of concern that this motion may result in immediate, retaliatory action against Jennifer Gatien." Doc. 185 at 1. The Motion to Release alleged that the defendant and Ms. Gatien had entered into an undisclosed side agreement that, if known, would plainly have made Ms. Gatien an unacceptable surety. It further contained very concerning allegations about: the deterioration of the relationship between the defendant and Ms. Gatien; threats the defendant made to fight his third party custodian; the fact that the defendant has not been in contact with his third party for the past six months; the defendant's statements that he does not intend to return to prison; and the defendant's attempts to obstruct justice by soliciting false testimony relating to

3

the issue of bond. Ms. Gatien attached text messages and other evidence that appear to corroborate these allegations. For these reasons, Ms. Gatien sought "to surrender Defendant back into the custody of the Court" and "requests that the Court exonerate her as surety, accept surrender of Defendant, and return all posted collateral."

The defendant then filed a response to Ms. Gatien's motion. Doc. 192. The motion denied that the defendant and Ms. Gatien had a side agreement as to his collateral and that the defendant is a flight risk. The motion downplayed the seriousness of Ms. Gatien's allegations, chalking it up to a "domestic dispute" between two parties that have grown apart. Doc. 192 at 4. At bottom, the defendant's motion portrayed Ms. Gatien as not credible.

## II.   Legal Standard

### A. Rule 46

Fed. R. Crim. P. 46(f)(2)(A) provides that "[t]he court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . the surety later surrenders into custody the person released on the surety's appearance bond."

### B. Modification of Bond and Reopening of Detention Hearing

18 U.S.C. § 3142(f) provides that detention hearings may be opened under certain conditions:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the

>appearance of such person as required and the safety of any other person and the community.

### III. Analysis

Over the United States's objection, the Court permitted the defendant to be released on bond subject to strict conditions, including Ms. Gatien's collateral and home detention under the supervision of a third party custodian. The defendant's time on bond has not been without issue. Even so, the Court gave him the benefit of the doubt, allowing him to remain on release and obtain treatment from the VA. Now that his VA program is due to end, and the defendant faces the prospect of the reimposition of strict restrictions on his liberty, the defendant seeks to lighten the consequences of violating his bond. The timing of the defendant's motion should give the Court pause.

Moreover, setting aside the merit of the defendant's public authority defense—there is none—the allegations in Ms. Gatien's time-sensitive motion undermine the relief sought by the defendant. To be sure, without the benefit of an evidentiary hearing, the United States is caught between the defendant's and Ms. Gatien's allegations. Regardless of who is to be believed, however, it is plain that the foundation of the defendant's conditions of release—the $2 million bond secured by Ms. Gatien's New York City apartment—has fallen apart, and perhaps was never stable to begin with. Because the central basis for his release has been called into question, and in light of the renewed allegations of serious risk of flight, the detention hearing should be reopened and the defendant's bond should be revoked.

## IV. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion to modify bond conditions. The United States further requests that the Court reopen the defendant's detention hearing under 18 U.S.C. § 3142(f)(2) and revoke the defendant's bond.

        Respectfully submitted,

        GREGORY KEHOE
        United States Attorney

By:   /s/ *Risha Asokan*
      RISHA ASOKAN
      Assistant United States Attorney
      Florida Bar No. 1003398
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      E-mail: risha.asokan2@usdoj.gov

U.S. v. Goudreau, et al.                    Case No. 8:24-cr-330-VMC-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

                          By:   */s/ Risha Asokan*
                                   RISHA ASOKAN
                                   Assistant United States Attorney
                                   Florida Bar No. 1003398
                                   400 W. Washington Street, Suite 3100
                                   Orlando, Florida 32801
                                   Telephone: (407) 648-7500
                                   Facsimile: (407) 648-7643
                                   E-mail: risha.asokan2@usdoj.gov