UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-330-VMC-CPT

JORDAN GUY MACDONALD GOUDREAU

**UNITED STATES' NOTICE OF NEW INFORMATION IN SUPPORT OF
REVOCATION OF BOND AND EXPEDITED HEARING**

In the afternoon of October 16, 2025, the United States learned that the defendant, Jordan Goudreau, through counsel, had directed an associate (the "Associate") to retrieve certain personal belongings, including two AR-type rifles (the "Rifles"), from an acquaintance's residence in Oklahoma (the "Third Party"). The Associate arrived at the Third Party's residence in the afternoon of October 16, serving a letter dated October 16, 2025, on the defendant's behalf—a photograph of which is attached hereto as Exhibit A—and demanding that the Third Party turn over all of the defendant's belongings, including the Rifles. As set forth in Exhibit A, the Associate represented herself as an "Operations Manager" with "Go Fast Production, LLC" a purported "licensed and insured moving company based in the State of Florida." According to records maintained by the Florida Secretary of State, "GoFast Productions LLC," was formed by the defendant in 2021 and is currently in inactive status. *See* Exhibit B. There does not appear to be a Florida company in the name of "Go Fast Production, LLC" in the public record.

According to the Third Party, and as corroborated by defense counsel, the

defendant had stored his belongings, including two pistols and the Rifles—a photograph of which is attached hereto as Exhibit C—with the Third Party since January 2024. Notably, at least one of the Rifles bears some resemblance to those illegally exported and subject of the charged conduct in this case. In late September 2025, the Third Party had requested through defense counsel that the defendant remove his belongings from the Third Party's property within 30 days or they would dispose of the belongings.

     As a result, the defendant, through counsel, arranged for the Associate to pick up the defendant's belongings from the Third Party. The Third Party refused to turn over the defendant's firearms to the Associate, despite both verbal and written insistence from the Associate and defense counsel that the Rifles be relinquished with the other belongings. Upon learning this information, the undersigned attempted to determine from defense counsel with whom the Rifles would be stored in light of the condition of release that the defendant not possess firearms. Defense counsel indicated that disclosing that information would violate attorney-client privilege, noting only that the Rifles would not be going back to the defendant. At this time, the Rifles remain with the Third Party.

     Before the issue of the defendant's bond modification arose, the United States was not aware that the defendant had been storing firearms with the Third Party during the pendency of this prosecution. In reviewing Pretrial Services's report from the first detention hearing, as well as the transcript from the hearing, it does not appear that the defendant previously disclosed that information to the Court, either.

Over the past few weeks, there have been a number of filings that raise renewed concern that the defendant poses a serious risk of flight and possibly a danger to the community. The defendant's surety, Jennifer Gatien, represented to the Court that the defendant threatened retaliation if Ms. Gatien sought to remove herself as the surety. Doc. 185-8. Ms. Gatien also represented that the defendant "sought to elicit false and defamatory declarations from third-party witnesses to present against Jennifer Gatien should she offer testimony at any forthcoming bond hearing." Doc. 185 at 2. The United States has confirmed that the third-party witnesses are the Third Party who had agreed to store the defendant's personal belongings. In speaking with the government, the Third Party corroborated Ms. Gatien's representation that the defendant had sought untrue statements from the Third Party.

Based on the foregoing—particularly the demand for the Rifles and the undisclosed destination of the Rifles should they be released to the defendant via the Associate or defense counsel—the United States respectfully requests that the Court expedite the bond hearing presently set for October 29, 2025, and reschedule it for the week of October 20, 2025.

          Respectfully submitted,

          GREGORY KEHOE
          United States Attorney

By:    /s/ *Risha Asokan*
      RISHA ASOKAN
      Assistant United States Attorney
      Florida Bar No. 1003398
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      E-mail: risha.asokan2@usdoj.gov

U.S. v. Goudreau, et al.            Case No. 8:24-cr-330-VMC-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

           By:   /s/ *Risha Asokan*
                         RISHA ASOKAN
                         Assistant United States Attorney
                         Florida Bar No. 1003398
                         400 W. Washington Street, Suite 3100
                         Orlando, Florida 32801
                         Telephone: (407) 648-7500
                         Facsimile: (407) 648-7643
                         E-mail: risha.asokan2@usdoj.gov